FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01868-BNB

DEXTER HARRIS,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY (DHHA),
CHRISTIAN STOB, Representative,
DENVER DETENTION CENTER,
GARY WILSON, Administrator, and
DENVER CITY AND COUNTY,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Dexter Harris, is currently incarcerated at the Denver County Jail. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on July 19, 2011. Mr. Harris has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Harris will be directed to file an amended complaint.

Mr. Harris asserts three claims. In general, he asserts that he has not been provided with adequate dental care. He alleges that he has been incarcerated in the Denver County Jail for over two years, and that he has been denied access to most forms of dental treatment with the exception of extractions. Mr. Harris asserts that he is now suffering from gum disease, pain, tooth decay, and hypertension, and that he is in danger of losing all of his teeth. He asserts that this treatment has violated his Eighth Amendment right to be free from cruel and unusual punishment. Nonetheless, Mr. Harris fails to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Harris must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his

or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Harris fails to assert that Defendants Christian Stob and Gary Wilson personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Further, Mr. Harris is suing improper parties. Municipalities and municipal entities, like Defendants Denver Detention Center and Denver City and County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Harris cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In addition, it is not clear whether Defendant Denver Health Medical Center, named as Denver Health and Hospital Authority, is a state actor. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the

Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150. Therefore, Mr. Harris may not sue Denver Health Medical Center for money damages pursuant to § 1983 if the medical center is a private entity.

Mr. Harris also may not sue Denver Health Medical Center for money damages if the medical center is a state entity. The State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994).

Lastly, if Denver Health Medical Center is a municipal entity, it still may not be sued for money damages because, as set forth above, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993).

Therefore, Mr. Harris will be directed to file an Amended Complaint that alleges the personal participation of each Defendant and that names only proper parties to the action. Accordingly, it is

ORDERED that Plaintiff, Dexter Harris, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Harris shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harris fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 15, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01868-BNB

Dexter Harris
Prisoner No. 353582
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk