IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01868-REB-MEH

DEXTER HARRIS,

    Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,
CHRISTIAN STOB, Representative for Denver Health,
DENVER DETENTION CENTER, D.D.C.,
GARY WILSON, Administrator for D.D.C., and
DENVER CITY AND COUNTY,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Motion to Dismiss Pursuant to 12(b)(6) filed by Defendants Denver Detention Center, Gary Wilson and the City and County of Denver ("Corrections Defendants") [filed November 16, 2011; docket #27] and a Motion to Dismiss by Defendants Denver Health and Hospital Authority and Christian Stob ("Hospital Defendants") [filed November 16, 2011; docket #30]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, these matters are referred to this Court for recommendation [dockets #28 and #31]. The motions are fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court RECOMMENDS that the District Court **grant** Defendants' motions to dismiss Plaintiff's claims as barred by the statute of limitations or, in the alternative, **grant in part**

**and deny in part** the Defendants' motions challenging the plausibility of Plaintiff's claims.[1]

## BACKGROUND

Plaintiff, an inmate proceeding *pro se*, initiated this action on July 19, 2011. (Docket #1-1 at 2.) In response to Magistrate Judge Boland's order during initial review, Plaintiff filed the operative pleading in this matter, the Amended Prisoner Complaint, on September 8, 2011.

**I.     Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiff (or construed liberally) in the Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Amended Complaint, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Amended Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

From approximately November 19, 2008 through September 4, 2011, Defendants refused to provide Plaintiff with any dental treatment, other than extractions. Defendants Stob and Wilson are responsible for enforcing a policy and custom of "pulling teeth only." As a result of the Defendants' refusal to provide dental treatment, Plaintiff suffers, and has suffered, the following medical issues: gum disease, hypertension, tooth decay, abscesses, infection of the mouth, and an increasing inability to eat, resulting in hunger. The Plaintiff is in a constant state of severe pain, and has been prescribed medications.

## II.     Procedural History

Defendants responded to Plaintiff's Amended Complaint by filing the present motions to dismiss on November 16, 2011, arguing that Plaintiff fails to state plausible claims for relief pursuant to Supreme Court precedent, that Plaintiff has failed to plead personal participation by the individual Defendants, that the Denver Detention Facility is an improper party, and that Plaintiff's claims are barred by the statute of limitations. On December 13, 2011, this Court held a Scheduling Conference at which the parties agreed to administratively close the case to allow the Plaintiff to transfer to a facility at which he would have access to a law library. The case was administratively closed from December 14, 2011 to February 27, 2012 when the Court granted the Plaintiff's' motion to reopen the case.

At a Status/Scheduling Conference on March 12, 2012, the Court set a deadline for the Plaintiff's responses to the pending motions to dismiss. Plaintiff, after an additional extension, filed a single response to the motions on March 30, 2012, contending that his allegations properly state Eighth Amendment claims against the Defendants, that Defendants mistakenly argue the Plaintiff was aware in November 2008 of his injuries, and that the Court should allow him the opportunity

to amend his pleading to correct any deficiencies.

## LEGAL STANDARD

**I.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## II.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor ... construct a legal theory for plaintiff

that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

The Defendants argue primarily that Plaintiff's claims are barred by the statute of limitations. Alternatively, the Defendants contend that Plaintiff alleges no personal participation by the individual Defendants, improperly names the official-capacity Defendants and the Detention Center as Defendants in this action, and alleges no municipal liability on the part of Defendant Denver Health. The Court will address each argument in turn.

**I.      Statute of Limitations**

Both the Corrections Defendants and the Hospital Defendants argue that Plaintiff's claims are barred by the statute of limitations, based upon Plaintiff's own allegations regarding the timing of his injuries.

While the statute of limitations is an affirmative defense, if it is clear from the complaint that the right to bring an action has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1287 (D. Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date.").

Statute of limitations periods in section 1983 suits are determined by reference to the personal-injury statute of the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). "Federal law, however, determines the date on which the

claim accrues and the limitations period starts to run." *Id.* In Colorado, the general statute of limitations for personal injury claims provides that such a claim must be brought within two years after the action accrues. *See* Colo. Rev. Stat. § 13-80-102. "A civil rights action accrues when facts that would support a cause of action are or should be apparent ." *Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

For each of his three claims, Plaintiff alleges, "Constitutional violations complained of occurred over a two and a half year period, starting 11/19/08, and is ongoing as of the date of this complaint, 9/4/11." Amended Complaint, docket #6 at 4, 5, and 6. The "constitutional violations" of which Plaintiff complains are the Defendants' alleged refusals to provide Plaintiff dental care, except for extractions. Certainly, Plaintiff would know, or should know, of a refusal to provide him needed dental care.

In response to the motions, Plaintiff argues that his allegations simply state the time period for Defendant's "responsibility."[2] Response, docket #53 at 3. He claims that he was arrested and incarcerated in November 2008, at which time he would not have known of his injuries. *Id.* However, the Plaintiff does not provide an alternate date or time at which he became aware of Defendants' alleged violations. The plain language of the Amended Complaint reflects Plaintiff's identification of the first "violation(s)," which Plaintiff describes as Defendants' refusals to provide dental care, on November 19, 2008. Thus, I find that Plaintiff's claims accrued on or about November 19, 2008, at which time the Plaintiff identifies the first violation (refusal). Plaintiff initiated this action on July 19, 2011, two years and eight months after his claims accrued.

---

[2]Of course, this statement only serves to confirm that Plaintiff alleges the Defendants are responsible for his constitutional injuries starting in November 2008. Defendants cannot be responsible for such injuries unless they committed a violation at that time.

Therefore, Plaintiff's claims are time-barred unless he plausibly alleges the applicable limitations period was sufficiently tolled.

Under Colorado law, equitable tolling is applied in two distinct situations: (1) when "defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner"; and (2) when "truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000); *see also Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007) ("an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.") (quoting *Dean Witter Reynolds, Inc. v. Harman*, 911 P.2d 1094, 1099 (Colo. 1996)). In practice, however, Colorado courts rarely allow equitable tolling. *Escobar*, 668 F. Supp. 2d at 1272.

Here, the Plaintiff alleges and/or asserts nothing supporting an equitable tolling argument. Plaintiff does not allege that the Defendants prevented him from timely filing a complaint, nor does he allege that exceptional circumstances prevented him from filing a complaint despite any diligent efforts. Accordingly, the Court respectfully recommends that the District Court grant the Defendants' motions to dismiss Plaintiff's claims as barred by the statute of limitations.

**II.     Plausibility of the Claims**

Alternatively, the Defendants challenge the plausibility of Plaintiff's stated claims. Thus, should the District Court determine that Plaintiff's claims are not barred by the statute of limitations, this Court will proceed with analyzing whether the Plaintiff states plausible claims for relief against the individual and municipal Defendants.

A. Individual Defendants

Defendants Christian Stob and Gary Wilson assert that they are entitled to qualified immunity on the Plaintiff's claims against them in their individual capacities.[3] Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "It is an entitlement not to stand trial or face the other burdens of litigation." *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). "The privilege is an immunity from suit rather than a mere defense to liability." *Id.*

Qualified immunity is designed to shield public officials and ensure "that erroneous suits do not even go to trial." *Hinton v. City of Elwood*, 997 F.2d 774, 779 (10th Cir. 1993) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Harlow*, 457 U.S. at 806-08 (1982). Consequently, courts should address the qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

Here, the Court will examine first whether Plaintiff has demonstrated on the alleged facts that

---

[3] The Plaintiff alleges "Defendant's [sic] are named in their official and individual capacities ... ." Amended Complaint, docket #6 at 8.

9

Defendants violated his constitutional rights. *See Pearson*, 555 U.S. 223, 129 S. Ct. at 820-22 (2009) (affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). If the Court finds that a right was violated, the Court will then proceed to analyze whether Plaintiff's constitutional right was clearly established at the time of the alleged conduct. *Id.*; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

The individual Defendants contend that the Plaintiff fails to state plausible constitutional violations against them by his failure to allege their personal participation in such violations.[4] "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, there must be an affirmative link between actions taken by a defendant and any plan or policy put into effect that violates a plaintiff's constitutional rights. *Dodds v. Richardson*, 614 F.3d 1185, 1200-01 (10th Cir. 2010).

Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, liability of a supervisor under § 1983 requires "allegations of personal direction or of actual knowledge and acquiescence." *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1481 (10th Cir. 1993) (cited with approval in *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). Thus, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure

---

[4] In addition, Defendant Stob attaches an affidavit to the present motion in which he apparently attests to having no personal participation in the Plaintiff's dental care. Motion, docket #30 at 6. Consideration of such affidavit would require the Court to convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). For the reasons stated below, the Court declines Dr. Stob's invitation to do so.

to supervise." *Green,* 108 F.3d at 1302 (quotation and brackets omitted). In other words, "Section 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights ... secured by the Constitution ... .'" *Dodds*, 614 F.3d at 1199 (interpreting *Iqbal* and quoting 42 U.S.C. § 1983).

For Claim One, Plaintiff alleges that Defendant Stob, representative for Denver Health, "is the individual who is responsible, through actual or constructive knowledge, for enforcing a *policy and custom*, *(pull teeth only)*, that caused plaintiff's injuries." Amended Complaint, docket #6 at 4 (emphasis in original). For Claim Two, Plaintiff alleges the same against Defendant Wilson, D.D.C. Administrator: he "is the individual who is responsible, through actual or constructive knowledge, for enforcing a *policy and custom*, *(pull teeth only)*, that caused plaintiff's injuries." *Id.* at 5 (emphasis in original). Defendants claim that Plaintiff's allegations are vague and do not demonstrate the requisite "affirmative link" to state plausibly the Defendants' personal participation in the alleged violations. The Court disagrees.

Construing the Amended Complaint liberally and taking Plaintiff's allegations as true, the Plaintiff alleges that he suffers ongoing physical ailments resulting from a lack of dental care and treatment, the lack of which stems from medical staff refusing to provide such care and treatment pursuant to a policy allowing only tooth extractions, which Defendant Stob has knowingly enforced at the medical center and which Defendant Wilson has knowingly enforced at the detention center. The Plaintiff need not allege that the Defendants "personally played any part in his treatment" (Corrections Defendants' Motion, ¶ 13, docket #27), nor that they "participat[ed] ... in Plaintiff's

ongoing dental care." (Hospital Defendants' Motion, docket #30 at 6). *See Davis v. City of Aurora*, 705 F. Supp. 2d 1243, 1263–64 (D. Colo. 2010) ("The exercise of control which may create the 'affirmative link' does not need to be the sort of on-the-ground, moment-to-moment control that defendants appear to suggest. Rather, the establishment or utilization of an unconstitutional policy or custom can serve as the supervisor's 'affirmative link' to the constitutional violation... . [W]here an official with policymaking authority creates, actively endorses, or implements a policy which is constitutionally infirm, that official may face personal liability for the violations which result from the policy's application."). Whether a policy of "tooth extractions only" exists or whether these Defendants actually implemented, promulgated or enforced such policy are not proper considerations in a Rule 12(b)(6) analysis. Rather, the Plaintiff may overcome a Rule 12(b)(6) challenge to his Amended Complaint by alleging: "(1) the [Defendants] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. Plaintiff's allegations concerning both Defendant Stob and Defendant Wilson meet *Dodds*' requirements.

Accordingly, should the District Court find Plaintiff's claims are timely filed, this Court recommends that the District Court deny the Defendants' motions to dismiss the Plaintiff's claims against them in their individual capacities.

B. <u>Municipal Defendants</u>

The Supreme Court recognizes that municipalities and other local government units are "persons" to whom Section 1983 applies. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 n. 55 (1978). Defendants argue that Defendants Stob and Wilson in their official capacities and Defendant

Denver Detention Center are improperly named in this action and should be dismissed. In addition, Defendant Denver Health contends that Plaintiff's allegations fail to support Plaintiff's claim against it for municipal liability. The Court will address each argument in turn.

### 1.  *Official Capacity Defendants*

Defendants argue that, to the extent the Plaintiff alleges claims against Defendants Stob and Wilson in their official capacities, such claims must be dismissed as duplicative. This Court agrees. According to the Court in *Davoll v. Webb*, 943 F. Supp. 1289, 1295 (D. Colo. 1996):

> A § 1983 claim is properly plead against a municipality "either by naming the municipality itself or by naming a municipal official in his or her official capacity." *Stump v. Gates*, 777 F. Supp. 808, 816 n. 3 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). "Naming either is sufficient. Naming both is redundant." *Id.* "[O]fficial capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent ... ." *Monell*, 436 U.S. at 690 n. 55. "Where a suit contains both entity and official capacity claims, the only defendant is the entity." *Doe v. Douglas Cnty. Sch. Dist.,* 775 F. Supp. 1414, 1416 (D. Colo. 1991).

In this case, the Plaintiff alleges "Defendant's [sic] are named in their official and individual capacities ... ." Amended Complaint, docket #6 at 8. Specifically, Plaintiff identifies Christian Stob as "representative for Denver Health" and Gary Wilson as "Administrator for D.D.C." *Id.* at 2. However, because the Plaintiff names both Denver Health and the Detention Center, as well as the City and County of Denver, as Defendants, he need not also name Stob and Wilson in their official capacities. Therefore, the Court recommends that the District Court grant Defendants' motions to dismiss Plaintiff's claims against Stob and Wilson in their official capacities as duplicative.

### 2.  *Defendant Detention Center*

Defendant Denver Detention Center, properly known as the Van Cise-Simonet Detention Center ("Detention Center"), argues it is not a proper party defendant in this action. Again, this

13

Court agrees. It is undisputed that the Detention Center is under the control of the Sheriff Department of the City and County of Denver; however, the Sheriff Department is not a separate entity that may be sued. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (stating that the "City of Denver Police Department" is not a separate suable entity, but retaining the City and County of Denver as a defendant in the case); *see also Renalde v. City & Cnty. of Denver*, 807 F. Supp. 668, 675 (D. Colo. 1992) ("A police department is not a suable entity.") (citing *Boren v. City of Colo. Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985)). Here, Plaintiff has brought essentially the same claim against the City and County of Denver in this case. Thus, naming the Detention Center as a Defendant is both duplicative and unnecessary.

Accordingly, this Court recommends that the District Court grant the Corrections Defendants' motion to dismiss Plaintiff's claim against the Denver Detention Center.

### 3. *Defendant Denver Health Medical Center*

Defendant Denver Health Medical Center ("Denver Health") argues that it cannot be held liable if the Plaintiff fails to allege a constitutional claim against Defendant Stob or any other employee of Denver Health. Further, Denver Health contends that any conduct Plaintiff alleges on the part of Dr. Stob cannot be attributed to Denver Health under a theory of respondeat superior.

The Court rejects Denver Health's first argument; as set forth above, this Court has found Plaintiff's allegations sufficient to state Dr. Stob's personal participation in the alleged constitutional violation. However, the Court will proceed to analyze whether the Plaintiff has sufficiently alleged a claim against Denver Health as a municipality.

Local governments can be liable under § 1983 "only for their *own* illegal acts." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (internal quotation and citations omitted). Hence, "[a]

municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Hinton*, 997 F.2d at 782 (citing *Monell*, 436 U.S. at 692). Rather, to state a § 1983 claim against a municipality, a plaintiff must sufficiently allege (1) the existence of a municipal policy or custom, which (2) directly caused the injury alleged. *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)). In establishing the first requirement, a plaintiff may allege a municipal policy or custom in the form of any of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions - and the basis for them - of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoetler v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010)) (internal quotations omitted).

Here, Plaintiff alleges that "Denver Health medical center is the entity responsible for providing medical care to inmates at D.D.C." and Defendant Stob "either knew or should have known of the widespread policy and custom within her [sic] facility of denying inmates all dental treatment but extractions." Plaintiff states that "the Defendant's [sic] acts or inaction has caused the Plaintiff severe pain and a deterioration of overall health" including "gum disease, hypertension, tooth decay, abscesses, infection of the mouth, and an increasing inability to eat, resulting in hunger, and emotional distress." Amended Complaint, docket #6 at 4. Admittedly, the Amended Complaint is missing some detail as to whether the alleged policy and custom is a formal statement or an informal custom. However, construing Plaintiff's pleading liberally as I must, the Court finds that

Plaintiff's allegations suffice to support a claim alleging either a formal regulation or policy statement, or an informal custom amounting to a "widespread practice" that directly caused Plaintiff's alleged injuries. *See Bryson*, 627 F.3d at 788.

Accordingly, this Court recommends that the District Court deny the Hospital Defendants' motion to dismiss Plaintiff's claim against Denver Health.

**III.     Leave to Amend**

As set forth herein, the Court recommends dismissal of the Plaintiff's claims as barred by the statute of limitations. Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10.

Here, the Plaintiff, although proceeding *pro se*, appears to be familiar with the applicable legal concepts and landscape, and he has a firm grasp of the facts and issues in this case. The legal issues stemming from alleged Eighth Amendment violations are not overly complex, novel, or difficult to state or analyze. Plaintiff has been already ordered to amend his pleading in this matter once and, although he was not alerted to the statute of limitations issue in such order, he was alerted to the issue with the filing of the present motions. However, not only has the Plaintiff failed to amend (or attempt to amend) his pleading in response to the motions, but also he has failed to identify or clarify facts in his written response that might overcome the Defendants' statute of limitations defense. In other words, Plaintiff was given notice and the opportunity to cure his

defective allegations, but he did not seize the opportunity. *See Bellmon*, 935 F.2d at 1109-10 ("dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint").

Consequently, the Court recommends that the Plaintiff be denied another opportunity to amend his pleading in this matter.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that, should the District Court determine Plaintiff's claims are barred by the statute of limitations, the District Court **GRANT** the Motion to Dismiss Pursuant to 12(b)(6) filed by Defendants Denver Detention Center, Gary Wilson and the City and County of Denver ("Corrections Defendants") [filed November 16, 2011; docket #27] and the Motion to Dismiss by Defendants Denver Health and Hospital Authority and Christian Stob ("Hospital Defendants") [filed November 16, 2011; docket #30] and dismiss the Amended Complaint.

In the alternative, should the District Court determine Plaintiff's claims were timely filed, this Court respectfully RECOMMENDS that the District Court **GRANT IN PART AND DENY IN PART** the present motions as follows:

1. Deny the motions to dismiss Claims One and Two against Defendants Stob and Wilson in their individual capacities;

2. Grant the motions to dismiss Claims One and Two against Defendants Stob and Wilson in their official capacities;

3. Grant the Corrections Defendants' motion to dismiss Claim Two against the Detention Center; and

4.     Deny the Hospital Defendants' motion to dismiss Claim One against Denver Health.

Dated at Denver, Colorado, this 10th day of May, 2012.

> BY THE COURT:
>
> *Michael E. Hegarty*
>
> Michael E. Hegarty
> United States Magistrate Judge