**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01868-REB-MEH

DEXTER HARRIS,

    Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,
CHRISTIAN STOB, Representative for Denver Health,
DENVER DETENTION CENTER, D.D.C.,
GARY WILSON, Administrator for D.D.C., and
DENVER CITY AND COUNTY,

    Defendants.

**ORDER CONCERNING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants Denver Detention Center's, Gary Wilson's and the City and County of Denver's Motion to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6)** [#27][1] filed November 16, 2011; (2) the **Motion to Dismiss by Defendants Denver Health and Hospital Authority (Referred to in the caption as "Denver Health Medical Center") and Christian Stob** [#30] filed November 16, 2011; and (3) the **Recommendation of United States Magistrate Judge** [#58] filed May 10, 2012, which addresses the two motions. Because no objections to the recommendation have been filed, I review it only for plain error. **See**

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]

The plaintiff Dexter Harris is or was incarcerated in the Denver County Jail. According to Mr. Harris, during his incarceration the defendants refused to provide him with any dental treatment, other than tooth extractions. Mr. Harris alleges that this dental care policy has caused him to suffer a variety of deleterious effects, including gum disease, tooth decay, abscesses, and an increasing inability to eat. According to Mr. Harris, these alleged violations began on November 19, 2008, and were ongoing as of the date he wrote his Amended Prisoner Complaint [#6] September 4, 2011. Based on these factual allegations, Mr. Harris alleges that the defendants violated his rights under the Eight and Fourteenth Amendments, and deprived him of due process of law.

## I.  STATUTE OF LIMITATIONS

The magistrate judge concluded that the two year statute of limitations applicable to Mr. Harris's claims expired before Mr. Harris filed his initial complaint. Mr. Harris alleges that the denial of reasonable and necessary dental care other than extractions began on November 19, 2008. Based on that allegation, the magistrate judge concluded that Mr. Harris's claims accrued on November 19, 2008. Mr. Harris's initial complaint was filed on July 19, 2011, more than two years later. In part, I respectfully disagree with the conclusion of the magistrate judge. Mr. Harris alleges that the violations alleged "occurred over a two and a half year period, starting 11/19/08, and is ongoing as of the date of this complaint, 9/4/11." *Amended Prisoner Complaint* [#6], pp. 4, 5, 6.

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. ***Morales-Fernandez***, 418 F.3d at 1122.

Assuming the factual allegations in the complaint to be true, as I must, Mr. Harris knew of the alleged extraction only policy when it first was applied to him in November 2008. However, he alleges that the no extraction policy was applied continuously to him through September 4, 2011. Accepting these factual allegations as true, I conclude that Mr. Harris has alleged a series of violations, some of which occurred more than two years before the complaint was filed and some of which occurred less than two years before the complaint was filed.

Claims based on violations about which Mr. Harris first became aware more than two years before the complaint was filed are barred by the applicable statute of limitations. However, claims based on violations about which Mr. Harris first became aware less than two years before the complaint was filed are not barred by the applicable statute of limitations. The latter group of claims are not subject to dismissal under FED. R. CIV. P. 12(b)(6).

## II.  OTHER ISSUES

Considering the possibility that I may not agree with his analysis of the statute of limitations issue, the magistrate judge addressed also other issues raised in the motion to dismiss. First, the magistrate judge addressed the argument of defendants Christian Stob and Gary Wilson that the claims asserted against them in their individual capacities should be dismissed under FED. R. CIV. P. 12(b)(6). The magistrate judge recommends that the claims against Mr. Stob and Mr. Wilson in their individual capacities not be dismissed under FED. R. CIV. P. 12(b)(6).

Second, the magistrate judge considered whether the claims asserted against Mr. Stob and Mr. Wilson in their official capacities should be dismissed and whether the claims asserted against the defendant named as Denver Detention Center, D.D.C.

3

should be dismissed.  The magistrate judge recommends that the claims against these defendants be dismissed under FED. R. CIV. P. 12(b)(6).

Third, the magistrate judge considered whether the claims asserted against defendant Denver Health Medical Center should be dismissed.  The magistrate judge recommends that the claims against Denver Health Medical Center not be dismissed under FED. R. CIV. P. 12(b)(6).

I agree with the analysis, conclusion, and recommendation of the magistrate judge on each of these issues. Thus, that portion of the recommendation should be approved and adopted.

## III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#58] filed May 10, 2012, is respectfully **REJECTED** to the extent the magistrate judge recommends that the plaintiff's claims in this case be dismissed in their entirety based on the statute of limitations;

2. That otherwise, the **Recommendation of United States Magistrate Judge** [#58] filed May 10, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

3. That **Defendants Denver Detention Center's, Gary Wilson's and the City and County of Denver's Motion to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6)** [#27] filed November 16, 2011, and the **Motion to Dismiss by Defendants Denver Health and Hospital Authority (Referred to in the caption as "Denver Health Medical Center") and Christian Stob** [#30] filed November 16, 2011, are **GRANTED** as to claims asserted by the plaintiff based on alleged wrongs of which the plaintiff was aware prior to July 19, 2009;

4

4. That **Defendants Denver Detention Center's, Gary Wilson's and the City and County of Denver's Motion to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6)** [#27] filed November 16, 2011, and the **Motion to Dismiss by Defendants Denver Health and Hospital Authority (Referred to in the caption as "Denver Health Medical Center") and Christian Stob** [#30] filed November 16, 2011, are **GRANTED** as to the claims asserted against defendants Christian Stob and Gary Wilson in their official capacities and as to the claims asserted against the Denver Detention Center;

5. That **Defendants Denver Detention Center's, Gary Wilson's and the City and County of Denver's Motion to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6)** [#27] filed November 16, 2011, and the **Motion to Dismiss by Defendants Denver Health and Hospital Authority (Referred to in the caption as "Denver Health Medical Center") and Christian Stob** [#30] filed November 16, 2011, are **DENIED** otherwise; and

6. That the caption **SHALL BE AMENDED** to remove Denver Detention Center, D.D.C. as a defendant.

Dated August 27, 2012, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

5