IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01868-REB-MEH

DEXTER HARRIS,

      Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,
CHRISTIAN STOB, Representative for Denver Health,
GARY WILSON, Administrator for D.D.C., and
DENVER CITY AND COUNTY,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 6, 2012**.

      Before the Court is Defendants' Motion to Modify Preliminary Scheduling/Status Conference Order [filed September 4, 2012; docket #60].  Defendants assert that no discovery has taken place in this action.  This Court set the discovery schedule on March 12, 2012.  None of the parties sought a stay of discovery or of the proceedings in this case.  This Court issued a Report and Recommendation on the pending motions to dismiss on May 10, 2012 recommending that the motions be granted in part and denied in part.  Defendants filed no objections to this recommendation; therefore, they had knowledge that at least some claims likely would proceed in this matter.  In fact, Judge Blackburn affirmed this Court's recommendation on August 27, 2012, and claims against the remaining Defendants are proceeding.

      The discovery cutoff in this case was June 11, 2012; therefore, Defendants must demonstrate excusable neglect for their requested extension of time.  Fed. R. Civ. P. 6(b)(1)(B).  Defendants claim that they conducted no discovery "to conserve resources."  However, they identify no such resources nor the discovery they needed then or need now.  Furthermore, they request "sixty days" to conduct limited discovery; however, 60 days from the discovery cutoff would be August 10, 2012, which has long passed.  In seeking a discovery cutoff of October 31, 2012, Defendants more accurately request an extension of 142 days within which to conduct discovery.  The Court finds Defendants have not demonstrated excusable neglect for such a lengthy extension.

      At the same time, the Court recognizes that *none* of the parties have conducted discovery despite the schedule in place since March 12, 2012.  While, typically, this is unacceptable, the Court acknowledges that the inability to conduct discovery in a case may lead to prejudice to one or both sides and will not serve the interests of justice.  Therefore, the Court will allow a brief period for

discovery and will amend the Scheduling Order as follows:

Discovery cutoff:            October 15, 2012
Dispositive motions deadline:   November 15, 2012

The Court will grant no further extensions of these deadlines absent a showing of exceptional cause.

In addition, the Final Pretrial Conference scheduled in this case for September 13, 2012 is hereby **vacated** and **rescheduled** to **January 9, 2013,** at **9:30 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at http://www.cod.uscourts.gov/Forms.aspx. Instructions for downloading in richtext format are posted in the forms section of the website.**

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the pretrial conference.

The parties are further advised that they shall not assume that the court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by court order may result in the imposition of sanctions.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.