IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No.  11-cv-01868-REB-MEH

DEXTER HARRIS,

      Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,
CHRISTIAN STOB, Representative for Denver Health,
GARY WILSON, Administrator for D.D.C., and
DENVER CITY AND COUNTY,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 84) that this Court grant the respective Motions for Summary Judgment filed by Defendants Denver Health and Hospital Authority and Christian Stob, and by Defendants Gary Wilson and the City and County of Denver (collectively, "Defendants") (ECF Nos. 74 and 76) (collectively, the "Motions"). Plaintiff Dexter Harris ("Plaintiff") has filed timely objections (ECF No. 87) to the Recommendation (the "Objection").  For the reasons stated below, the Objection is OVERRULED, the Magistrate Judge's Recommendation is ADOPTED, and the Motions are GRANTED.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *Id*. In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this *pro se* action on July 19, 2011, alleging that Defendants violated his Eighth and Fourteenth Amendment rights by refusing to provide him with dental treatment other than teeth extractions. (ECF No. 6 at 3.) In essence, he alleges that Defendants have a "pull teeth only" policy that caused Plaintiff's injury. (ECF No. 6 at 4.) Plaintiff has filed claims against a

number of defendants that, for the purposes of this opinion, will be divided into two groups—Defendants Denver Health Medical Center and Denver City and County (the "Municipal Defendants"), and Defendants Stob and Wilson (the "Individual Defendants"). Defendants' filed Motions for Summary Judgment (ECF Nos. 74 and 76), supported by affidavits and Plaintiff's dental records. The Municipal Defendants argue that the Plaintiff failed to demonstrate issues of fact concerning municipal liability for Eighth and Fourteenth Amendment violations, largely because they allege he failed to demonstrate any facts or evidence pointing to a "pull teeth only" policy. (ECF No. 74 at 11-12; ECF No. 76 at 6-9.) In addition to these arguments, the Individual Defendants also assert that they are entitled to qualified immunity because the Plaintiff failed to present evidence of genuine issues of fact concerning their personal participation in a constitutional violation. (ECF No. 74 at 13-14; ECF No. 76 at 10-13.)

Defendants' Motions for Summary Judgment (ECF Nos. 74 and 76) were referred to Magistrate Judge Hegarty for review and recommendation. Judge Hegarty issued the Recommendation on January 31, 2013, and Plaintiff filed his timely Objection. The Court has reviewed Plaintiff's Objection, each set of Defendants' responses, and conducted a *de novo* review of the record in this matter. The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein.

### III.    ANALYSIS

This Court has reviewed the Recommendation and all relevant pleadings, and concludes that Magistrate Judge Hegarty's analysis of the issues was thorough and his conclusions were correct. The Recommendation found that (1) "Plaintiff has failed to raise genuine issues of material fact demonstrating the [Municipal Defendants] enforced a custom or policy of denying

all dental treatment except extractions, which resulted in Plaintiff's alleged injuries," and (2) "the individual Defendants are entitled to qualified immunity" because "Plaintiff has failed to raise genuine issues of fact demonstrating Defendants Stob and Wilson 'promulgated, created, implemented, or possessed responsibility for the continued operation of a [pull teeth only] policy.' " (ECF No. 84 at 20, 24.) Plaintiff has filed a number of objections identifying facts as to which he disagrees. Other than these stated factual disagreements, Plaintiff's Objection puts forth no evidence in support of his contentions. Plaintiff seemingly believes that a "genuine issue of material fact" exists if he simply announces that he disagrees with certain facts, without any evidentiary basis for his disagreement. While Plaintiff's apparent belief might have some validity, with respect to factual matters about *him*, it is wholly incorrect as it pertains to facts about others—such as whether the Defendants have a "pull teeth only" dental policy.

In addition, Plaintiff's Objection argues that teeth extractions are "**not treatment** but the result of an absence thereof" and that "[t]he question of whether a policy of extractions alone, (Pull teeth only), can be considered treatment is a question for the jury." (ECF No. 87 at 4) (emphasis in original). This argument does not address the Recommendation's core finding— that the Plaintiff failed to demonstrate a genuine issue as to whether there was in fact a "pull teeth only" policy in the first place.

Plaintiff's Objection does not specifically object to the Magistrate's reasoning or conclusions regarding his failure to demonstrate a genuine issue of material fact regarding municipal liability or qualified immunity, upon which this affirmance of the Recommendation is based. Rather, as noted, Plaintiff takes issue with certain factual findings. In some instances, the form of Plaintiff's objection is to note disagreement with a finding, without reference to any

evidence which would create a material dispute. In other instances, Plaintiff takes issue on other grounds, for example, that certain facts are "outside the relevant time frame" in light of the Court's Order on Report and Recommendations (ECF No. 59). There are numerous responses the Court could make to this argument, and Defendants have argued some of them (see ECF No. 88 at 4-5), but it is sufficient to note that the claims in the Objection do not demonstrate a disputed issue of material fact with regard to the Recommendation's core finding, namely, that there was no evidence of a policy that directly caused Plaintiff's asserted injuries. Therefore, the Objection is appropriately overruled and the Recommendation is adopted in full.

### A. Municipal Defendants

To prove a §1983 claim against a municipality, a plaintiff must demonstrate (1) the existence of a municipal policy or custom, which (2) directly caused the injury alleged. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). As put forth in the Recommendation, Plaintiff has failed to put forth any evidence of a policy or custom that was the direct cause of his alleged injuries, as required to show municipal liability under § 1983. *Id*. Plaintiff reiterates in his Objection that he believes there was a "pull teeth only" policy in place, and yet his own Objection makes clear that other forms of treatment (though Plaintiff contests that some of these are valid "treatment") were provided to Plaintiff. He notes, for instance, that "penicillin may have been properly prescribed," and does not dispute that a "'Temporary Filling' was supplied." (ECF No. 87 at 2, 3.) Instead, Plaintiff takes issue with the definition of "treatment" and says that his requested treatment was never provided. As explained in the Recommendation, however, any disagreements Plaintiff may have with the specific treatment he received do not support a finding of a constitutional violation. *See Perkins v. Kansis Dep't of*

5

*Corrs.*, 165 F.3d 803, 8011 (10th Cir. 1999).  Thus, Plaintiff's claims against the Municipal Defendants must fail.

### B. Individual Defendants

Additionally, Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether the individual defendants may assert qualified immunity.  Qualified immunity protects public officials from litigation where their alleged violation was not clearly a violation at the time of the official's action.  *See, e.g.*, *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010).  When a defendant asserts the defense of qualified immunity, as Defendants Stob and Wilson have done here, the burden shifts to the plaintiff to overcome the asserted immunity by demonstrating that "the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  As the Recommendation thoroughly explains, Plaintiff did not meet his burden.  Apart from failing to establish a policy, Plaintiff also failed to demonstrate that the Individual Defendants "promulgated, created, implemented or possessed responsibility for the continued operation of a policy," as is required for establishing a Section 1983 suit against Defendants Stob and Wilson.  *Dodds*, 614 F.3d at 1199.  In fact, Plaintiff's Objection does not even specifically address the qualified immunity claims of Defendants Stob and Wilson in a meaningful way.  Instead, Plaintiff chose simply to characterize deliberate indifference as a "factually intensive inquiry." (ECF No. 87 at 4.)  Again, Plaintiff's erroneous assumption seems to be that a genuine issue of disputed fact can be created simply by announcement of a disagreement devoid of evidentiary support.  Plaintiff's Objection as to the Individual Defendants is also overruled.

## IV.    CONCLUSION

Based on the foregoing and a *de novo* review of this matter, it is ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's January 31, 2013 Recommendation are OVERRULED and the Recommendation (ECF No. 84) is ADOPTED;

2. The Motions for Summary Judgment (ECF Nos. 74 and 76) are GRANTED; and

3. The Clerk of the Court is directed to close this case.

DATED this 1st day of November, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge